UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
ANDREW VOLPE,

               Plaintiff,

    -against-                             **MEMORANDUM AND ORDER**
                                                09-cv-2065 (JFB) (WDW)
POLICE OFFICER HEATHER JOHNSON OF
PAROLE, DETECTIVE PEEKEN OF THE FIFTH
PRECINCT, POSTAL INSPECTOR GUILIPI [sic]
OF THE POSTAL SYSTEM, NEW YORK STATE
PAROLE, POLICE OFFICER JOHNSON,
POLICE OFFICER HENDERSON, POLICE
OFFICER SUPERVISOR MULDOON, THE
FIFTH PRECINCT, DETECTIVE PEEK,
SUFFOLK COUNTY CORRECTIONAL
FACILITY, DOWNSTATE CORRECTIONAL
FACILITY, MS. ROSS, COUNSELOR AT DSCF,
TWO LAWYERS AT LEGAL AID, SUSAN
AMBRO, AND DEBBIE MONESTENO,

               Defendants.
------------------------------X

JOSEPH F. BIANCO, District Judge:

Presently before the Court are the five complaints, consolidated under case number 09-cv-2065, of Andrew Volpe, plaintiff *pro se* ("plaintiff"). Based upon its review of plaintiff's somewhat illegible submissions, the Court has surmised the following:

Plaintiff filed a complaint in this Court on April 30, 2009, against "Police Officer Heather Johnson of Parole," "Detective Peeken of the Fifth Precinct," and "Postal Inspector Gulipi of the Postal System," pursuant to 42 U.S.C. § 1983, alleging that defendants violated his constitutional rights when they forced him to relinquish his five cell phones and blue tooth headsets, and did not return the property to him. *Volpe v. Police Officer Heather Johnson, et al*, 09-cv-2065 (E.D.N.Y. filed Apr. 30, 2009).

On May 4, 2009, plaintiff filed suit against "Downstate Correctional Facility" and the "New York Division of Parole" pursuant to 42 U.S.C. § 1983, alleging that defendants miscalculated his sentence, improperly denied him release, and improperly denied him release without parole. *Volpe v. Downstate Corr. Facility, et al*, 09-cv-2066 (E.D.N.Y. filed May 4, 2009).

On May 15, 2009, plaintiff filed suit against the "New York State Parole," "Police Officer Johnson," "Police Officer Henderson," "Police Officer Supervisor Muldoon," the "Fifth Precinct," "Detective Peek," "Postal Inspector Gulipi," "Suffolk County Correctional Facility," "Downstate Correctional Facility," "Ms. Ross - counselor DSCF," "two lawyers at Legal Aid," "Susan Ambro," and "Debbie Monesteno," alleging violations of 42 U.S.C. § 1983. *See Volpe v. New York State Parole, et al*, 09-cv-2061 (E.D.N.Y. filed May 15, 2009). Plaintiff alleges that defendants violated his rights when he was falsely arrested, denied release, forced to take a plea agreement, and forced to relinquish his cell phones while still accruing charges on his two year cell phone contract. *Id.*

On the same day, plaintiff filed a second complaint against the "Downstate Correctional Facility," pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights when he was forced to cut his hair and beard against his religious beliefs. *Volpe v. Downstate Corr. Facility*, 09-cv-2063 (E.D.N.Y. filed May 15, 2009). On June 18, 2009 this Court consolidated the five complaints under the first filed action, 09-cv-2065 (JFB).

On June 17, 2009, defendants Susan Ambro and Deborah Monastero requested a pre-motion conference in anticipation of filing a motion to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). On June 23, 2009, defendants New York State Division of Parole and Downstate Correctional Facility requested a pre-motion conference in anticipation of filing a motion to dismiss the claims against them pursuant to Federal Rule of Civil Procedure

2

12(b)(6).[1] On August 24, 2009, Postal Inspector Gelpi (identified in plaintiff's complaint as "Guilipi") requested that the time to respond to the complaint be stayed until the conference is held or plaintiff provides this defendant with a legible complaint. For the reasons set forth below, plaintiff's complaint is dismissed *sua sponte*, without prejudice, with leave to file an amended complaint within thirty days of this Order.

Rule 8 of the Federal Rules of Civil Procedure requires that pleadings present a "short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). Pleadings are to give "fair notice of what the plaintiff's claim is and the grounds upon which it rests" in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 335 U.S. 41, 47 (1957), *overruled in part on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

In *Twombly*, the Supreme Court clarified this pleading standard, declaring that:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

550 U.S. at 556 n.3 (internal citations omitted).

When a complaint fails to comply with the Rule 8 pleading standard, the district court may

---

[1] Although the Court initially scheduled a pre-motion conference, the Court has decided that sua sponte dismissal with leave to re-plead is warranted for the reasons set forth below.

3

dismiss it *sua sponte*. *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). However, "[d]ismissal. . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoted in *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir.2000)).

Here, plaintiff's complaints, consolidated under case number 09-cv-2065 (JFB) (WDW), fall short of giving fair notice of his claim, as required under Rule 8(a)(2). The series of scattered, barely legible allegations against various defendants appear to relate to, *inter alia*, the relinquishment of plaintiff's five cell phones and blue tooth headsets during arrest, the cutting of plaintiff's hair and beard, and the alleged miscalculation of plaintiff's sentence. Defendants cannot be expected to parse plaintiff's complaint into comprehensible legal claims, or even understand factually the nature of plaintiff's allegations against them. *See Mazza v. Caputo*, No. 05-CV-3546 (SLT), 2005 WL 2045791, at *3 (E.D.N.Y. Aug. 25, 2005) (dismissing conclusory one-page complaint pursuant to Rule 8).

While the pleadings of a *pro se* litigant should be liberally construed in his favor, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), a complaint must still set forth a basis for the Court to hear a claim. Because plaintiff fails to allege facts to support clear claims against the defendants, the present consolidated complaint fails to satisfy Rule 8 and cannot be sustained in its present form. Therefore, the complaint is dismissed. However, plaintiff shall be given leave to file an amended complaint which satisfies the strictures of Rule 8. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Accordingly,

IT IS HEREBY ORDERED that the Clerk of the Court mail a copy of this Order to plaintiff along with instructions on how to file an amended complaint; and

IT IS FURTHER ORDERED that plaintiff's complaint is dismissed without prejudice with leave to amend within 30 days of the date of this Order; and

IT IS FURTHER ORDERED that should plaintiff file an amended complaint, he must set forth the legal basis and factual allegations to support his claims against each defendant, and the relief he is seeking with respect thereto. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number, 09-cv-2065, as this Order; and

IT IS FURTHER ORDERED that if plaintiff fails to submit an amended complaint within 30 days of the date of this Order, the complaint will be dismissed with prejudice, and the case will be closed; and

IT IS FURTHER ORDERED that if defendants wish to move to dismiss the amended complaint, if it is filed, they shall inform the Court pursuant to the Court's Individual Rules.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2009
Central Islip, New York